UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ROBERT HOFFMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> v.<br><br>RETIEVAL-MASTERS CREDITORS BUREAU, INC.<br><br>    Defendant. | Case No.: 17-cv-1484<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Robert Hoffman is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes.

5. Defendant Retrieval-Masters Creditors Bureau, Inc. ("RMCB") is a foreign corporation with its principal place of business located at 4 Westchester Plaza, Suite 110, Elmsford, NY 10523.

6. RMCB is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. RMCB is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. RMCB is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or about August 10, 2016, RMCB mailed a debt collection letter to Plaintiff regarding an alleged debt. A copy of this letter is attached to this Complaint as Exhibit A.

9. The alleged debt referenced in Exhibit A was incurred for personal, family, or household purposes, namely online purchases of consumer goods with an agreement to defer payment.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter used by RMCB to attempt to collect alleged debts.

12. Exhibit A is the first written communication RMCB sent to Plaintiff regarding the alleged debt referenced in Exhibit A.

13. Exhibit A lists the "Amount Due" as $996.03 and an account number ending in "357O."

14. Exhibit A also lists "The Swiss Colony" as the creditor of the account, stating "You Owe: The Swiss Colony."

2

Case 2:17-cv-01484-PP    Filed 10/27/17    Page 2 of 8    Document 1

6. RMCB is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. RMCB is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. RMCB is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or about August 10, 2016, RMCB mailed a debt collection letter to Plaintiff regarding an alleged debt. A copy of this letter is attached to this Complaint as Exhibit A.

9. The alleged debt referenced in Exhibit A was incurred for personal, family, or household purposes, namely online purchases of consumer goods with an agreement to defer payment.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter used by RMCB to attempt to collect alleged debts.

12. Exhibit A is the first written communication RMCB sent to Plaintiff regarding the alleged debt referenced in Exhibit A.

13. Exhibit A lists the "Amount Due" as $996.03 and an account number ending in "357O."

14. Exhibit A also lists "The Swiss Colony" as the creditor of the account, stating "You Owe: The Swiss Colony."

15. Exhibit A also contains the following statement: "We have been authorized to contact you regarding your past due account with our client, **The Swiss Colony**, for **Seventh Avenue** in the amount of $996.03" (*emphasis original*).

16. On or about January 23, 2017, RMCB mailed another debt collection letter to Plaintiff regarding the same alleged debt. A copy of this letter is attached to this Complaint as Exhibit B.

17. Upon information and belief, Exhibit B is another form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

18. Upon information and belief, Exhibit B is also a form debt collection letter used by RMCB to attempt to collect alleged debts.

19. Exhibit B also lists the "Amount Due" as $996.03 and an account number ending in "357O."

20. Exhibit B also lists "Seventh Avenue," rather than "The Swiss Colony," as the creditor of the account, stating "You Owe: Seventh Avenue."

21. Exhibit B also contains the following statement: "Our records show you have failed to comply with numerous prior requests for payment of this account with our client, **Seventh Avenue**, for $996.03" (*emphasis original*).

22. Together, Exhibit A and Exhibit B, make contradictory representations as to who is the owner of the alleged debt and who is the client of RMCB.

23. Based on these false and misleading representations, after receiving Exhibit B, the unsophisticated consumer would not be able to determine who actually holds the debt from reading Exhibit A and Exhibit B.

24. Additionally, if a consumer sent a check to the incorrect entity, the payment may not satisfy the alleged debt owed to the correct creditor, who would be within its rights to continue collection efforts or even file a lawsuit to collect the debt.

25. Furthermore, the consumer may be barred from recovering a payment to the incorrect party by the voluntary payment doctrine. Even if the voluntary payment doctrine does not apply or would not be enforced, the logistical challenge of obtaining a refund would discourage consumers from attempting to recover their erroneous payment.

26. Plaintiff was confused by Exhibit A and Exhibit B.

27. The unsophisticated consumer would be confused by Exhibit A and Exhibit B.

28. Plaintiff had to spend time and money investigating Exhibit A and Exhibit B.

29. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A and Exhibit B.

30. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan*

*Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

31. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

32. 15 U.S.C. § 1692e15 U.S.C. § 1692e generally prohibits the "use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. 15 U.S.C. § 1692e(2)(a) specifically prohibits debt collectors from making false representations about "the character, amount, or legal status of any debt."

5

34. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

35. 15 U.S.C. § 1692g(a)(2) requires debt collectors to provide certain information and notices to consumers within five days of the initial contact with the consumer:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (2) the name of the creditor to whom the debt is owed;

## COUNT I – FDCPA

36. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

37. Exhibit A and Exhibit B contains false, misleading, and contradictory statements of who the creditor of the alleged debt and who is the client of RCBM.

38. The unsophisticated consumer would be confused as to whom he owes the alleged debt.

39. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), and 1692g(a)(2).

## CLASS ALLEGATIONS

40. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter by RMCB in the form represented by Exhibit A and Exhibit B to the complaint in this action, (c) seeking to collect a debt allegedly owed to "The Swiss Company" and/or "Seventh Avenue," (d) incurred for personal, family, or household purposes, (e) between October 27, 2016 and October 27, 2017, inclusive, (f) that was not returned by the postal service.

41. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

42. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA.

43. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

44. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

45. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

46. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: October 27, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin

7

Case 2:17-cv-01484-PP    Filed 10/27/17    Page 7 of 8    Document 1

John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com